IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD MCFARLAND                                              PLAINTIFF

    v.              Civil No. 05-2158

AMERICAN MEDICAL SYSTEMS, INC.                                 DEFENDANT

## O R D E R

On this 7th day of February 2006, there comes on for consideration the motions to dismiss filed by Defendant (Docs. 7, 13), Plaintiff's responses (Docs. 8, 12, 16-17) and Defendant's Reply (Doc. 10). Also before the Court is Defendant's Motion to Strike Amended Complaint (Docs. 18-19). Plaintiff has not responded to the motion to strike. The Court, being well and sufficiently advised in the premises, finds that the motions to dismiss (Docs. 7, 13) should be GRANTED and Defendant's Motion to Strike (Doc. 18) is DENIED AS MOOT.

On December 17, 2004, Plaintiff filed this products liability action in the Circuit Court of Scott County. Plaintiff filed numerous motions seeking extensions of time to serve Defendant. (Doc. 7, Exs. C, E, G & H). Defendant was finally served on October 13, 2005 and removed the action to this Court on November 14, 2005. In its motions before this Court, Defendant seeks the dismissal of Plaintiff's Complaint based upon untimely service and failure to state a claim. Defendant also seeks to have Plaintiff's Amended Complaint stricken as untimely filed.

1

Defendant first contends that Plaintiff's Complaint should be dismissed as Plaintiff did not timely serve Defendant with process in accordance with Rule 4 of the Arkansas Rules of Civil Procedure which states:

> If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice... If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Ark. R. Civ. P. 4(I).

The Arkansas Supreme Court has consistently held that service requirements under Rule 4 must be strictly construed and compliance with them must be exact. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 120 S.W.3d 525 (Ark. 2003). In *King v. Carney*, 20 S.W.3d 341 (Ark. 2000), the Arkansas Supreme Court held that there are two requirements of Rule 4(i) in order to obtain an extension of time to serve summons: (1) the timely filing of a motion for an extension, and (2) a showing of good cause. In *Henyan v. Peek*, ___ S.W.3d ___, 2004 WL 2750097 (Ark. Dec. 2, 2004), the court expanded this holding to include that the showing of good cause must be made prior to the granting of an extension.

It is undisputed that Plaintiff's initial motion for an extension was timely filed. However, Defendant contends that Plaintiff failed to show good cause prior to the granting of the extension. In Plaintiff's motion (Doc. 7, Ex. C), he merely states that "plaintiff has been unable

2

to obtain service on the defendant." This cannot equate to a showing of good cause, and there is nothing in the order granting the extension indicating that Plaintiff had made the required showing of good cause. As in *Henyan*, Plaintiff failed to strictly comply with the service requirements of Rule 4 by not making a contemporaneous showing of good cause. Further, Plaintiff's attempt to demonstrate good cause after the fact does not cure his failure to strictly comply with Rule 4. Therefore, Defendant's motions to dismiss are GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Defendant's Motion to Strike (Doc. 18) is DENIED AS MOOT.

　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　/s/ Robert T. Dawson
　　　　　　　　　　　　　　　　　Honorable Robert T. Dawson
　　　　　　　　　　　　　　　　　United States District Judge

AO72A
(Rev. 8/82)